IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| ROSIE TURNER, | } | |
| | } | |
| Plaintiff, | } | |
| | } | CIVIL ACTION NO. |
| v. | } | CV-11-AR-2872-S |
| | } | |
| SILVERSTAR RESORT HOTEL & CASINO, | } } | |
| | } | |
| Defendant. | } | |

**MEMORANDUM OPINION**

The court has before it the motion to dismiss filed by defendant, Silver Star Hotel & Casino. ("Silver Star").[1] Doc. 5. Plaintiff, Rosie Turner ("Turner"), has responded to Silver Star's motion. Doc. 11. For the reasons that follow, Silver Star's motion will be granted.

**Background**

Turner filed her complaint in this court on August 17, 2011, alleging that on August 16, 2008, she slipped and fell, causing injury to herself, while visiting Silver Star's casino gaming facility in Philadelphia, Mississippi. Turner alleges that Silver Star negligently and wantonly failed to maintain its premises, and she seeks punitive damages.

**Discussion**

Silver Star now seeks dismissal of Turner's action on several

---

[1] Defendant was incorrectly named "Silverstar Resort Hotel & Casino" in the complaint.

grounds, its primary defense being that pursuant to Fed. R. Civ. P. 12(b)(1), this court lacks subject-matter jurisdiction over this action whether based on diversity or federal-question grounds.  The court will address this argument first.  *See Univ. of South Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999) (a federal court must examine the basis of its jurisdiction before proceeding to the merits).

Turner invokes this court's jurisdiction pursuant to 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000.00, exclusive of interest and costs, and complete diversity of citizenship exists between Turner and Silver Star.  28 U.S.C. § 1332 provides in part:

> (a) The district courts shall have original jurisdiction over all civil actions where the matter in controversy exceeds the sum of value of $75,000, exclusive of interest and costs, and is between —
>
> (1) citizens of different States;
>
> (2) citizens of a State and citizens or subjects of a foreign state;
>
> (3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and
>
> (4) a foreign state, defined in section 1603(a) of this title, as plaintiff and citizens of a State or of different States.

Turner states in her complaint that she is an adult resident of Birmingham, Alabama, while Silver Star is a Mississippi corporation.

2

However, Silver Star argues that although Turner names "Silverstar Resort Hotel & Casino" as the defendant in this action, the true defendant in this action is the Mississippi Band of Choctaw Indians, which is a federally-recognized Indian tribe (hereinafter, "the tribe").[2]  Silver Star further states that the Silver Star resort is not a Mississippi corporation, but is instead simply a gaming facility wholly owned and operated by the tribe, and that the tribe operates the facility by and through an unincorporated tribal enterprise known as the Choctaw Resort Development Enterprise.  Silver Star states that the Choctaw Resort Development Enterprise was established and is operated by the tribe per Choctaw Tribal Ordinance No. 56, and Choctaw Tribal Counsel

---

[2] The court will take judicial notice of the fact that the Mississippi Band of Choctaw Indians is a federally-recognized Indian tribe.  The Federal Register includes the Mississippi Band of Choctaw Indians on the list of "Indian Entities Recognized and Eligible to Receive Services from the United States Bureau of Indian Affairs."  *See* 68 Fed. Reg. 68180-01 (Dec. 5, 2003) and 74 Fed. Reg. 40218-02 (August 9, 2009).  *See also* 44 U.S.C. § 1507 ("The contents of the Federal Register shall be judicially noticed....").  Silver Star has attached these provisions of the Federal Register to its motion to dismiss.  In so doing, Silver Star has mounted a factual attack on Turner's complaint.  As opposed to a "facial attack," which is based solely on the pleadings and requires the court to take the allegations in the complaint as true and assess whether the plaintiff has alleged a sufficient basis for subject-matter jurisdiction, a "factual attack" challenges "subject matter jurisdiction in fact, irrespective of the pleadings." *Morrison v. Amway Corp.*, 323 F.3d 920, 925 n.5 (11th Cir. 2003) (citing *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990)).  In ruling on a Rule 12(b)(1) motion asserting a factual attack on the court's subject-matter jurisdiction, the court may consider facts and matters not contained in the complaint.  *Id.*

3

Resolution CHO 00-010.[3]

---

[3] Silver Star has also attached Ordinance 56 and Resolution CHO 00-010 to its motion to dismiss, and the court will consider these documents for the reasons explained *supra,* note 2. Choctaw Tribal Ordinance No. 56 provides in relevant part:

> WHEREAS, it is now and has always been the intent of the Tribal council that these wholly owned Tribal business enterprises should operate as and be legally classified as unincorporated enterprises of the Mississippi Band of Choctaw Indians, d/b/a the particular Tribal enterprise, rather than as separate Tribally-chartered corporations; and,
>
> WHEREAS, there is a need to clarify the organizational status of all the Tribe's wholly owned business enterprises to ensure that they receive treatment as non-taxable enterprises of the Tribe and not be confused with or mistaken for separate Tribally-chartered corporations; and,
>
> * * * *
>
> Section 28. Special Provisions for Silver Star Resort and Casino.
>
> (a) The Silver Star Resort and Casino is an unincorporated enterprise of the Mississippi Band of Choctaw Indians administratively located within the Tribal Government Executive Branch. The resort and casino are wholly-owned developments of the Tribe and are currently operated without a separate board pursuant to a management contract and a state-tribal compact approved by the Secretary of the Interior pursuant to 25 U.S.C. § 2701, et seq. Nothing in this Ordinance shall be construed to alter the management and operational requirements of the Silver Star Resort & Casino pursuant to said compact and management contract. However, after enactment of this ordinance, the Silver Star Resort and Casino shall be

4

The fact that the Silver Star resort is wholly-owned and operated by the tribe through an unincorporated business enterprise of the tribe is important because federally-recognized Indian tribes are not considered foreign states.  *See Cherokee Nation v. Georgia,* 30 U.S. 1, 18 (1831).  As such, their presence in a case filed in the federal district courts cannot supply the requisite diversity to invoke jurisdiction under 28 U.S.C. § 1332(a)(4) or § 1332 (a)(2).  *See Gaming World Int'l, Ltd. v. White Earth Band of Chippewa Indians,* 317 F.3d 840, 847 (8th Cir. 2003).  Further, the Eleventh Circuit has joined the "majority view" among the circuit courts of appeals in holding that federally-recognized Indian tribes are not citizens of the states in which they are located for

---

> administratively located within the Tribal Business Enterprise Division of the Tribal Government Executive Branch.

Resolution CHO 00-010 is titled "A Resolution to Establish the Choctaw Resort Development Enterprise Under Ordinance 56," and provides in part:

> 1. a new tribal business enterprise is hereby established, which shall be known as the Mississippi Band of Choctaw Indians d/b/a Choctaw Resort Development Enterprise;
>
> 2. the Choctaw Resort Development Enterprise is hereby established for the following purposes:
>
> (A) to provide budgetary and operational management, coordination and oversight over all gaming operations conducted on the Choctaw Reservation; . . .

5

purposes of determining whether diversity jurisdiction exists. Instead, they are considered "stateless" entities whose joinder destroys complete diversity. *See Miccosukee Tribe of Indians of Fla. v. Kraus-Anderson Const. Co.*, 607 F.3d 1268, 1276 (11th Cir. 2010) ("[T]he majority view - followed by every court of appeals that has addressed the issue - is that unincorporated Indian tribes cannot sue or be sued in diversity under 28 U.S.C. § 1332(a)(1) because they are not citizens of any state."), *cert. denied*, 131 S. Ct. 3022. *See also Gaming World Int'l, supra; Ninegret Dev. Corp. v. Narragansett Indian Wetuomuck Hous. Auth.,* 207 F.3d 21, 27 (1st Cir. 2000); *Romanella v. Hayward,* 114 F.3d 15, 16 (2d Cir. 1997); *Am. Vantage Co., Inc. v. Table Mountain Rancheria,* 292 F.2d 1091, 1095-96 (9th Cir. 2002); *Gaines v. Ski Apache,* 8 F.3d 726, 729 (10th Cir. 1993). *See also* 1 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE ¶ 102.57[10] (3d ed. 1997) ("A number of circuits have held that unincorporated Indian tribes are not citizens of any state. Therefore, the presence of a tribe destroys complete diversity. This rule applies to unincorporated tribal agencies or sub-entities acting as arms of the tribe as well as to the tribe itself. This is true even if the unincorporated entity is acting in a commercial capacity."). Accordingly, because the Silver Star resort is a gaming facility owned and operated through an unincorporated business entity of the tribe, and federally-recognized Indian tribes are considered "stateless" entities whose presence in a case

6

destroys diversity, jurisdiction under 28 U.S.C. § 1332 is lacking.

Turner argues in response that the tribe is an entity limited to Mississippi because, in referring to the tribe as the "Mississippi Band of Choctaw Indians, Mississippi," the Federal Register distinguishes the tribe by the state in which the members of the tribe live.  Turner also emphasizes that the tribe's own ordinances and resolutions show that all of the tribe's enterprises are located in the state of Mississippi.  Turner's arguments are misplaced because the fact that the tribe's business operations are limited to Mississippi does not change the overwhelming case law establishing that a federally-recognized Indian tribe is neither a foreign state nor a citizen of any state in the U.S. for purposes of diversity jurisdiction.  Turner does not address this case law, nor does she dispute that the tribe wholly owns and operates the Silver Star resort through an unincorporated tribal sub-entity. Simply put, Turner has not met her burden of establishing the basis for subject-matter jurisdiction based on diversity of citizenship. *See Thomas v. Gaskill*, 315 U.S. 442, 446 (1942) (the burden of proof on a 12(b)(1) motion is on the party averring jurisdiction).

Neither has Turner pled a federal claim in her complaint that would invoke the court's subject-matter jurisdiction based on federal question grounds.  Under the federal question jurisdiction statute, 28 U.S.C. § 1331, a district court has subject-matter jurisdiction over "all claims arising under the Constitution, laws,

or treaties of the United States." Whether a federal question is presented is governed by the "well-pleaded complaint" rule, which provides that "federal jurisdiction only exists when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams,* 482 U.S. 386, 392 (1987). A well-pleaded complaint presents a federal question when it "establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Newton v. Capital Assur. Co., Inc.*, 245 F.3d 1306, 1308-09 (11th Cir. 2001) (quoting *Franchise Tax Board of Calif. v. Const. Laborers Vacation Trust,* 463 U.S. 1, 27-28 (1983)). The complaint here establishes neither basis for federal question jurisdiction because it contains only state law tort claims and does not show that any "substantial question of federal law" is necessary for Turner to obtain her requested relief. Accordingly, this court also lacks subject-matter jurisdiction based on federal question grounds.[4]

---

[4] Silver Star also presents alternative arguments in support of dismissal of this action, including 1) Turner has failed to state a claim upon which relief may be granted pursuant to Fed. R. Civ. P. 12(b)(6), 2) the tribe is protected by sovereign immunity from civil suits seeking money damages that it has not consented to, and 3) Turner failed to exhaust administrative remedies before bringing suit as required by certain provisions of the *Choctaw Tribal Code*, and her action is barred by the applicable statute of limitations under tribal law. As the court lacks subject-matter jurisdiction over this action, it is precluded from considering the merits of Silver Star's alternative arguments. *See Univ. of South Ala.*, 168 F.3d at 410 ("once a federal court determines it is without subject matter

**Conclusion**

For the foregoing reasons, Silver Star's 12(b)(1) motion to dismiss for lack of subject-matter jurisdiction will be granted. A separate order will be entered effectuating this opinion.

DONE this 11th day of January, 2012.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE

---

jurisdiction, the court is powerless to continue").